**HEARING DATE & TIME:**
**TO BE DETERMINED**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————X

In re:

FOOD MANAGEMENT GROUP, LLC,          Chapter 11
KMA I, Inc.,
KMA II, Inc.,                        Case No.: 04-22880 (ASH)
KMA III, Inc.,                       Case No.: 04-22890 (ASH)
BRONX DONUT BAKERY, INC.,            Case No.: 04-22891 (ASH)
        -against-                    Case No.: 04-22891 (ASH)
                                     Case No.: 04-04-20312 (ASH)
                Debtors.
—————————————————————X               (Jointly Administered)

JANICE GRUBIN, in her capacity as Chapter 11
Trustee for Debtors FOOD MANAGEMENT GROUP,
LLC, KMA I, Inc., KMA II, Inc., KMA III, Inc. and    Adv. Pro. No. 07-08221 (MG)
BRONX DONUT BAKERY, INC.,

                Plaintiffs,          **NOTICE OF MOTION**
                                     **TO WITHDRAW**
                                     **REFERENCE**

        v.

ROBERT L. RATTET; JONATHAN S. PASTERNAK;
RATTET PASTERNAK & GORDON OLIVER, LLP,

                Defendants.

—————————————————————X

        PLEASE TAKE NOTICE that a hearing will be held on the motion of defendants

ROBERT L. RATTET, JONATHAN S. PASTERNAK, and RATTET PASTERNAK &

GORDON OLIVER, LLP, on their motion to withdraw reference under 28 U.S.C. §157(d),

before a Judge to be assigned at the United States District Court, Southern District of New

York, at a location to be determined by this Court, on _____, 2008 at

_____ in the __.m.  The time and date of the hearing are to be determined.

PLEASE TAKE FURTHER NOTICE, that objections to the motion, if any, shall be made in writing, filed with the United States Bankruptcy Court at the Court's Electronic Case Filing System website www.nysb.uscourts.gov (ECF Login and Password Required), with a copy delivered directly to the Chambers of Hon. Martin Glenn and served upon the undersigned so as to be received as directed by the Court.

Dated: New York, New York
      February 25, 2008

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: *Gil M. Coogler*
    Gil M. Coogler
    Attorneys for Defendant
    RATTET PASTERNAK & GORDON OLIVER, LLP
    61 Broadway, 18th Floor
    New York, New York 10006
    (212) 487-9700
    Our File No.: 352-11986-D-LW-GMC/EAR/JF

TO:    (See Attached Affidavit)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

In re:

FOOD MANAGEMENT GROUP, LLC,                    Chapter 11
KMA I, Inc.,
KMA II, Inc.,                                  Case No.: 04-22880 (ASH)
KMA III, Inc.,                                 Case No.: 04-22890 (ASH)
BRONX DONUT BAKERY, INC.,                      Case No.: 04-22891 (ASH)
            -against-                          Case No.: 04-22891 (ASH)
                                               Case No.: 04-04-20312 (ASH)
                    Debtors.

———————————————————————X    (Jointly Administered)

JANICE GRUBIN, in her capacity as Chapter 11
Trustee for Debtors FOOD MANAGEMENT GROUP,
LLC, KMA I, Inc., KMA II, Inc., KMA III, Inc. and    Adv. Pro. No. 07-08221 (MG)
BRONX DONUT BAKERY, INC.,


                    Plaintiffs,               **AFFIDAVIT OF GIL M.
                                              COOGLER IN SUPPORT
                                              OF MOTION TO
                                              WITHDRAW REFERENCE**


            v.


ROBERT L. RATTET; JONATHAN S. PASTERNAK;
RATTET PASTERNAK & GORDON OLIVER, LLP,


                    Defendants.

———————————————————————X

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

        GIL M. COOGLER, being duly sworn, deposes and says:

        1.      I am a partner in the law firm of White, Fleischner & Fino, LLP, counsel to

the Rattet Parties, ROBERT L. RATTET ("Mr. Rattet"), JONATHAN S. PASTERNAK (Mr.

Pasternak"), and RATTET, PASTERNAK & GORDON OLIVER, LLP (the "Rattet Firm")

(collectively, where appropriate the "Rattet Parties") in this action.

2.      I submit this affidavit in support of the Rattet Parties' motion to withdraw the reference to the Bankruptcy Court. The matters stated in this Affidavit are based on the pleadings and documents of record in this action and the Chapter 11 proceedings of *In re Food Management Group, et al.*, as well as the files maintained in the law offices of White, Fleischner & Fino, LLP with regard to the above-captioned proceedings.

3.      On February 13, 2007, Chapter 11 Trustee Janice B. Grubin ("Grubin") filed this adversary proceeding on behalf of Debtors Food Management Group, LLC, KMA I, Inc., KMA II, Inc., KMA III, Inc. and Bronx Donut Bakery (the "debtors" or "FMG").

4.      The Rattet Firm was appointed as debtor's counsel in the Chapter 11 proceedings in 2004. This action also names as individual defendants Mr. Rattet and Mr. Pasternak (referred to individually or as the Rattet Parties).

5.      FMG was in the business of managing twenty four (24) Dunkin' Donuts franchises that were owned and operated by the Debtors KMA I, Inc., KMA II, Inc. and KMA III, Inc.

6.      Grubin alleges in the complaint that the Rattet Parties colluded with the debtors' principals to effectuate a fraudulent scheme to purchase estate assets consisting of Dunkin' Donuts franchises, in contravention of an order of the Bankruptcy Court prohibiting debtors' principals or members of their families from acquiring a direct or indirect interest in the franchises.

7.      The Honorable Adlai S. Hardin issued an order on February 2, 2005 adopting Bidding Procedures and authorizing an auction of estate assets under the terms of a settlement agreement resolving underlying litigation between the debtors' principals and Dunkin' Donuts. The pertinent provision of the settlement agreement states the following:

The Prospective transferee(s) must not be an immediate family member of any Franchisee who is a signatory to this Agreement or be associated in any way with the past or present management of any of the franchises; nor may any member of the Franchisees' families have any interest, directly or indirectly, in any of the Franchises following the transfer, except as an assignee of any notes or security agreements executed by a transferee. (Compl. ¶ 30).

8.      Grubin contends that the Debtors' principals concocted a scheme to provide a loan to a bidder for the estate assets, 64 East 126th Realty LLC ("64 East"), allowing the Debtors' principals to circumvent the restrictions imposed by the settlement agreement quoted above and adopted by the Bankruptcy Court. Grubin further contends that Rattet knew about the fraudulent scheme, failed to disclose it to the court, and even participated in the scheme to his advantage and to the advantage of others, and against the interests of the debtors, the estate and the creditors of the estate.

9.      Grubin alleged causes of action against the Rattet Parties in the initial adversary complaint for Count II – fraudulent concealment, Count III – conspiracy to commit fraudulent concealment, Count IV – breach of fiduciary duty, Count VI – conspiracy to breach fiduciary duty, Count IX – negligence, and Count X – fraud on the court.

10.      The Rattet Parties filed a motion to dismiss the initial complaint, which was granted in part and denied in part in a Decision and Order by Hon. Martin Glenn entered January 23, 2008. The court dismissed Count III – conspiracy to commit fraudulent concealment without leave to replead for failure to plead the intent requirement of the conspiracy claim with particularity as required by F.R.Civ.P. 9(b). The court also dismissed Count IV – conspiracy to breach fiduciary duty, but allowed the plaintiff to replead to state the required intent with particularity. The court denied the motion to dismiss for the remaining claims under Counts II, IV, IX and X for fraudulent concealment, breach of fiduciary duty, negligence and fraud on the court.

11.    The Rattet Parties filed an answer to the complaint on February 11, 2008, denying the allegations of the complaint and stating numerous affirmative defenses.  Among the defenses pleaded are judicial estoppel, res judicata, the negligence and culpability of the debtors' principals and others over whom the Rattet Parties had no control, and the negligence of trustee Grubin in unilaterally returning the bid deposit to 64 East before obtaining court approval, as well as falling below the professional standards required of a Chapter 11 trustee.

12.    Plaintiff filed an amended complaint on February 12, 2008 attempting to state Count VI – conspiracy to breach fiduciary duty, as to the intent requirement with particularity.  The Rattet Parties filed an answer to the amended complaint on February 25, 2008, responding to the amended allegations and stating certain affirmative defenses as referenced in part above.

13.    The Rattet Parties have demanded a jury trial contemporaneously with their answer to the initial complaint and their answer to the amended complaint.

14.    The Rattet Parties contend that this adversary proceeding should not be litigated in the Bankruptcy Court.  The allegations against the Rattet Parties as debtors' counsel are in the nature of a legal malpractice claim.  As Judge Glenn stated in the Decision and Order granting in part and denying in part the Rattet Parties' motion to dismiss, "Indeed, claims against lawyers for breach of fiduciary duty or professional negligence are for most practical purposes the same claim with different labels" (Decision and Order filed January 23, 2008, p. 41, fn. 12).[1]

---

[1] The plaintiff in this action pleads the same facts regarding defendant's legal representation of the debtors-in-possession, but pleads multiple causes of action.  Count III – conspiracy to commit fraudulent concealment, has been dismissed as duplicative.  Judge Glenn also questioned whether amending the complaint as to Count VI –

15.     The Rattet Parties further contend that this malpractice claim is not a core proceeding. All of the claims stated in the amended complaint are claims under New York State law which seek to augment the Estate, and state law governs the proof or defense of these claims.

16.     The Rattet Parties are entitled to a jury trial and all the rights afforded them by the Federal Rules of Civil Procedure in defending themselves against these claims. The Rattet Parties meet all the requirements for withdrawal of the reference and therefore urge that the District Court grant their motion.

17.     The District Court has broad powers to withdraw any adversary proceeding, such as the instant matter, "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

18.     The Second Circuit has identified the following factors to be weighed by district courts in deciding whether to withdraw a case or issue from the bankruptcy court: (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors. *South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 762 (2d Cir. 1996). All of these factors favor withdrawal of the reference of this Adversary Proceeding.

19.     The Second Circuit has held that "[a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core." *Orion*

---

conspiracy to breach fiduciary duty, in an attempt to state conspiracy with specificity, "will really add much to the case" (Decision and Order filed January 23, 2008, p. 39).

*Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).

20.    Section 157 of the Bankruptcy Code "classifies matters as either 'core proceedings,' which a bankruptcy court may 'hear and determine' and on which the court 'may enter appropriate orders and judgments,' or 'non-core proceedings,' which the bankruptcy courts may hear, but for which the bankruptcy court is only empowered to submit proposed findings of fact and conclusions of law to the district court for *de novo* review." *Id.* (quoting 28 U.S.C. § 157(b)(1), (c)(2)).  Because district courts conduct *de novo* review of the determinations of bankruptcy courts on non-core matters, "unnecessary costs could be avoided by a single proceeding in the district court." *Id.*

21.    A similar case in which the Honorable Judge Colleen McMahon recently determined that a legal malpractice case is a non-core proceeding is *VWE Group, Inc. v. Amlicke*, 359 B.R. 441 (S.D.N.Y. 2007).  In that case, the Official Committee of unsecured creditors pursued a legal malpractice action against former members of a law firm that acted as debtor's counsel.  Judge McMahon determined that the malpractice claims involving state law causes of action constituted a non-core proceeding.  The court noted that the defendants in that case filed a jury demand, and that the exercise of the right to a jury trial was sufficient cause for the district court to exercise its discretion to withdraw the reference under 28 U.S.C. §157(d).  Additionally, the court stated that the underlying professional malpractice claim is more appropriate for resolution by a district court.  Finally, the court stated that withdrawing the reference will avoid forum shopping because the parties have no choice but to try the case in district court because of the defendants' demand for a jury trial.  (359 B.R. at 451).

22.    The Rattet Parties urge that this Court withdraw the adversary proceeding from the Bankruptcy Court not only for purposes of trial, but also for purposes of conducting pretrial proceedings.  Where a "party demands a jury trial and refuses to consent to resolution of non-core matters by the bankruptcy court, the reference should be withdrawn with regard to those non-core matters."  *In re Green*, 200 B.R. at 299.  It would promote judicial economy to withdraw the reference at this time, rather than to force the parties to submit briefing and arguments on motions twice, once before the Bankruptcy Court and again before this Court.

23.    The governing law as to the legal malpractice claim is not the Bankruptcy Code, but New York common law pertaining to professional malpractice.  District courts are more familiar with this law then bankruptcy courts.  *See, e.g., In re Complete Mgmt.*, 2002 WL 31163878 at *3 (withdrawing reference of debtor's malpractice action against accounting firm because action "raises legal issues more commonly resolved by this court than the bankruptcy court"); *Weschler,* 201 B.R. at 640-41 (withdrawing reference of motion to dismiss professional malpractice claims because "issues raised in the motion are state law issues, not bankruptcy issues, which are more appropriately heard in the District Court").

24.    The plaintiff cannot claim that withdrawal of the reference will result in undue delay in the resolution of its claims against the Rattet Parties or cause her or the estate to suffer any prejudice.  The matter has only a day before filing this motion completed the pleading stage since Judge Glenn allowed the plaintiff to file an amended pleading as to Count VI for conspiracy to commit breach of fiduciary duty, and the Rattet Parties answered the amended complaint only on February 25, 2008.

25.     No depositions of parties or witnesses have been taken, and none of the parties have yet served demands for discovery.  There is no basis to contend at this early stage that withdrawal of the reference will result in undue delay, particularly since filing and service of the pleadings has just completed.

26.     Uniformity in the administration of bankruptcy law will not be affected by the withdrawal of plaintiff's claim against the Rattet Parties because the non-core malpractice claim is not brought under bankruptcy law and does not otherwise concern administration of the bankruptcy estate.  *See, In re FMI Forwarding Co., Inc.*, 2004 WL 1348956, at *7; *McMahon*, 222 B.R. at 208.   In *VWE Group*, supra, Judge McMahon pointed out that withdrawal of the reference with regard to the legal malpractice claims against the debtors' counsel would indeed promote the uniformity of bankruptcy administration.   Accordingly, this factor also weighs in favor of withdrawal of the reference.

27.     Withdrawing the reference in this case does not promote forum-shopping because, due to the Rattet Parties' demand for a jury trial, the parties have no choice but to try the case in the District Court.  *VWE Group, supra*; *In re FMI Forwarding Co.*, 2004 WL 1348956, at *7.  Moreover, the usual objectives of "forum shopping" – finding a jurisdiction with more favorable law and geographical convenience – do not apply, since both the Bankruptcy Court and the District Court in this case are bound to follow Second Circuit law. *See In re Adelphia Commc'n Corp. Sec. and Derivative Litig.*, No. 03 MDL 1529 (LMM), 2006 WL 337677, at *5 (S.D.N.Y. Feb. 10, 2006).

28.     For the reasons stated in this Affidavit and the accompanying memorandum of law, the Rattet Parties respectfully request that the Court withdraw the reference to the

Bankruptcy Court,

Gil M. Coogler (GC 2785)

Sworn to before me this
26th day of February 2008

Notary Public

TO:    (See Attached Affidavit)

JULIA N. BRYANT
Notary Public, State of New York
No. 01BR5077402
Qualified in King County
Commission Expires May 5, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————X

In re:

FOOD MANAGEMENT GROUP, LLC,                          Chapter 11
KMA I, Inc.,
KMA II, Inc.,                                        Case No.: 04-22880 (ASH)
KMA III, Inc.,                                       Case No.: 04-22890 (ASH)
BRONX DONUT BAKERY, INC.,                            Case No.: 04-22891 (ASH)
          -against-                                  Case No.: 04-22891 (ASH)
                                                     Case No.: 04-04-20312 (ASH)

                              Debtors.

—————————————————————————X     (Jointly Administered)

JANICE GRUBIN, in her capacity as Chapter 11
Trustee for Debtors FOOD MANAGEMENT GROUP,
LLC, KMA I, Inc., KMA II, Inc., KMA III, Inc. and    Adv. Pro. No. 07-08221 (MG)
BRONX DONUT BAKERY, INC.,

                              Plaintiffs,

                    v.

ROBERT L. RATTET; JONATHAN S. PASTERNAK;
RATTET PASTERNAK & GORDON OLIVER, LLP,

                              Defendants.

—————————————————————————X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE TO BANKRUPTCY COURT

## PRELIMINARY STATEMENT AND

## FACTUAL BACKGROUND

On February 13, 2007, Chapter 11 Trustee Janice B. Grubin ("Grubin") filed this adversary proceeding on behalf of Debtors Food Management Group, LLC, KMA I, Inc., KMA II, Inc., KMA III, Inc. and Bronx Donut Bakery (the "debtors" or "FMG"). The law firm of Rattet, Pasternak & Gordon Oliver, LLP (the "Rattet Firm") was appointed as debtor's counsel in the Chapter 11 proceedings in 2004. This action also names as individual defendants, Robert L. Rattet ("Mr. Rattet") and Jonathan S. Pasternak ("Mr. Pasternak") (the Rattet Firm, Mr. Rattet and Mr. Pasternak collectively, where appropriate, defined as the "Rattet Parties" or "Defendants"). FMG was in the business of managing twenty four (24) Dunkin' Donuts franchises that were owned and operated by the Debtors KMA I, Inc., KMA II, Inc. and KMA III, Inc.

Grubin alleges in the complaint that the Rattet Parties colluded with the debtors' principals to effectuate a fraudulent scheme to purchase estate assets consisting of Dunkin' Donuts franchises, in contravention of an order of the Bankruptcy Court prohibiting debtors' principals or members of their families from acquiring a direct or indirect interest in the franchises. The Honorable Adlai S. Hardin issued an order on February 2, 2005 adopting Bidding Procedures and authorizing an auction of estate assets under the terms of a settlement agreement resolving underlying litigation between the debtors' principals and Dunkin' Donuts. The pertinent provision of the settlement agreement states the following:

> The Prospective transferee(s) must not be an immediate family member of any Franchisee who is a signatory to this Agreement or be associated in any way with the past or present management of any of the franchises; nor may any member of the Franchisees' families have any interest, directly or indirectly, in any of the Franchises following the transfer, except as an assignee of any notes or security agreements executed by a transferee. (Compl. ¶ 30).

Grubin contends that the Debtors' principals concocted a scheme to provide a loan to a bidder for the estate assets, 64 East 126th Realty LLC ("64 East"), allowing the Debtors' principals to circumvent the restrictions imposed by the settlement agreement quoted above and adopted by the Bankruptcy Court. Grubin further contends that Mr. Rattet knew about the fraudulent scheme, failed to disclose it to the court, and even participated in the scheme to his advantage and to the advantage of others, and against the interests of the debtors, the estate and the creditors of the estate.

Grubin alleged causes of action against the defendants in the initial adversary complaint for Count II – fraudulent concealment, Count III – conspiracy to commit fraudulent concealment, Count IV – breach of fiduciary duty, Count VI – conspiracy to breach fiduciary duty, Count IX – negligence, and Count X – fraud on the court.

The Defendants filed a motion to dismiss the initial complaint, which was granted in part and denied in part in a Decision and Order by Hon. Martin Glenn entered January 23, 2008. The court dismissed Count III – conspiracy to commit fraudulent concealment without leave to replead for failure to plead the intent requirement of the conspiracy claim with particularity as required by F.R.Civ.P. 9(b). The court also dismissed Count IV – conspiracy to breach fiduciary duty, but allowed the plaintiff to replead to state the required intent with particularity. The court denied the motion to dismiss for the remaining claims under Counts II, IV, IX and X for fraudulent concealment, breach of fiduciary duty, negligence and fraud on the court.

The defendants filed an answer to the complaint on February 11, 2008, denying the allegations of the complaint and stating numerous affirmative defenses. Among the defenses pleaded are judicial estoppel, res judicata, the negligence and culpability of the debtors'

principals and others over whom these defendants had no control, and the negligence of trustee Grubin in unilaterally returning the bid deposit to 64 East before obtaining court approval, as well as falling below the professional standards required of a Chapter 11 trustee.

Plaintiff filed an amended complaint on February 12, 2008 attempting to state Count VI – conspiracy to breach fiduciary duty, as to the intent requirement with particularity. The Rattet Parties filed an answer to the amended complaint on February 25, 2008, responding to the amended allegations and stating certain affirmative defenses as referenced in part above.

Defendants have demanded a jury trial contemporaneously with their answer to the initial complaint. As demonstrated below, this adversary proceeding should not be litigated in the Bankruptcy Court. The allegations against the defendants as debtors' counsel are in the nature of a legal malpractice claim. As Judge Glenn stated in the Decision and Order granting in part and denying in part the defendants' motion to dismiss, "Indeed, claims against lawyers for breach of fiduciary duty or professional negligence are for most practical purposes the same claim with different labels" (Decision and Order filed January 23, 2008, p. 41, fn. 12).[1]

This malpractice claim is not a core proceeding. All of the claims stated in the amended complaint are claims under New York State law which seek primarily to augment the Estates. State law governs the proof or defense of these claims. Defendants are entitled to a jury trial and all the rights afforded them by the Federal Rules of Civil Procedure in defending themselves against these claims. The reference to the Bankruptcy Court should

---

[1] The plaintiff in this action pleads the same facts regarding defendant's legal representation of the debtors-in-possession, but pleads multiple causes of action. Count III – conspiracy to commit fraudulent concealment, has been dismissed as duplicative. Judge Glenn also questioned whether amending the complaint as to Count VI – conspiracy to breach fiduciary duty, in an attempt to state conspiracy with specificity, "will really add much to the case" (Decision and Order filed January 23, 2008, p. 39).

therefore be withdrawn.  Accordingly, because the Rattet Parties meet all the requirements for withdrawal of the reference, the Rattet Parties urge that this Court grant their motion.

## **ARGUMENT**

### **This Court Must Withdraw the Reference**

The United States District Court for the Southern District of New York (the "District Court") has original jurisdiction over all civil proceedings arising under, or related to bankruptcy cases under Title 11.  28 U.S.C. § 1334(b).  In this district, the District Court automatically refers all such cases to the Bankruptcy Court in the first instance.  This Court, however, has broad powers to withdraw any adversary proceeding, such as the instant matter, "on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).

The Second Circuit has identified the following factors to be weighed by district courts in deciding whether to withdraw a case or issue from the bankruptcy court: (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.  *South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 762 (2d Cir. 1996).  All of these factors favor withdrawal of the reference of this Adversary Proceeding.

### A.    **This Legal Malpractice Action Is A Non-Core Proceeding**

The Second Circuit has held that "[a] district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core."  *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).  Section 157 of the Bankruptcy Code "classifies matters as either 'core proceedings,'

which a bankruptcy court may 'hear and determine' and on which the court 'may enter appropriate orders and judgments,' or 'non-core proceedings,' which the bankruptcy courts may hear, but for which the bankruptcy court is only empowered to submit proposed findings of fact and conclusions of law to the district court for *de novo* review." *Id.* (quoting 28 U.S.C. § 157(b)(1), (c)(2)). Because district courts conduct *de novo* review of the determinations of bankruptcy courts on non-core matters, "unnecessary costs could be avoided by a single proceeding in the district court." *Id.*

The Honorable Judge Colleen McMahon recently determined that a legal malpractice case is a non-core proceeding in *VWE Group, Inc. v. Amlicke*, 359 B.R. 441 (S.D.N.Y. 2007). In that case, the Official Committee of unsecured creditors brought an action against the debtors for alleged fraudulent issuance of promissory notes to the detriment of unsuspecting unsecured creditors. The Committee subsequently pursued a legal malpractice action against former members of a law firm that acted as debtor's counsel. The malpractice claim alleges that the debtor's counsel's failure to properly advise the debtors rendered the estate hopelessly insolvent  The defendants in that case filed a motion to withdraw reference, which Judge McMahon granted.

First, Judge McMahon determined that the malpractice claims involving state law causes of action constituted a non-core proceeding. The issue to be addressed was whether the defendants' legal advice to plaintiffs met the standard of care of a reasonable attorney in providing such advice under the circumstances presented. The malpractice cause of action sounds in tort and is legal rather than equitable in nature. The court noted that the defendants filed a jury demand, and that the exercise of the right to a jury trial was sufficient cause for the district court to exercise its discretion to withdraw the reference under 28 U.S.C. §157(d).

Additionally, the court stated that the underlying professional malpractice claim is more appropriate for resolution by a district court. Finally, the court stated that withdrawing the reference will avoid forum shopping because the parties have no choice but to try the case in district court because of the defendants' demand for a jury trial. (359 B.R. at 451). As in the *VWE Group* case, this court should grant the Rattet Parties' motion to withdraw the reference.[2]

Further, the Supreme Court has held that where an action's primary purpose is to augment the Estate, the action vindicates a "private right" and the contra-party retains a Seventh Amendment right to jury trial. See, e.g. Granfinanciera, S.A. v. Nordberg 492 U.S. 33, 109 S.Ct. 2782 (U.S.Fla.,1989).

> There can be little doubt that fraudulent conveyance actions by bankruptcy trustees-suits which, we said in *Schoenthal v. Irving Trust Co.,* 287 U.S., at 94-95, 53 S.Ct., at 51 (citation omitted), "constitute no part of the proceedings in bankruptcy but concern controversies arising out of it"-are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res. See Gibson 1022-1025. They therefore appear matters of private rather than public right.[FN12] Granfinanciera, S.A. v. Nordberg 492 U.S. 33, 56, 109 S.Ct. 2782, 2798 (U.S.Fla.,1989)

Thus, the Rattet Parrties have a constitutional right to a jury trial.

---

[2] The fact that VWE concerns prepetition causes of action is of little relevance. As discussed below, actions of this character seek to augment the Estate, and not adjust overall debtor-creditor relations.

### B.    Withdrawing the Reference Will Promote Judicial Economy

This Court should withdraw the adversary proceeding from the Bankruptcy Court not only for purposes of trial, but also for purposes of conducting pretrial proceedings, including any further motion practice following plaintiff's filing of an amended complaint. Because the plaintiff's claims are non-core, the Bankruptcy Court's disposition of the adversary proceeding "would be subject to *de novo* review . . . which could lead to duplication of effort." *McMahon v. Providence Capitol Enters., Inc.*, 222 B.R. 205, 208 (S.D.N.Y. 1998). Withdrawing the reference of the adversary proceeding would "allow for the claim to be adjudicated and disposed of in one proceeding, thereby saving judicial and party time and resources." *In re FMI Forwarding Co.*, 2004 WL 1348956, at *7.

The Rattet Parties also have a right to a jury trial on the plaintiff's common law legal malpractice claim. The Seventh Amendment's Reexamination Clause, which states that "no fact tried by a jury shall be otherwise re-examined in any Court of the United States," prohibits jury trials in bankruptcy courts in non-core proceedings due to the district court's *de novo* review of such proceedings. *In re Orion*, 4 F.3d at 1101. Therefore, where a "party demands a jury trial and refuses to consent to resolution of non-core matters by the bankruptcy court, the reference should be withdrawn with regard to those non-core matters." *In re Green*, 200 B.R. at 299. It would promote judicial economy to withdraw the reference at this time, rather than to force the parties to submit briefing and arguments on motions twice, once before the Bankruptcy Court and again before this Court.

The governing law as to the legal malpractice claim is not the Bankruptcy Code, but the New York common law of professional malpractice. District courts are more familiar with this law then bankruptcy courts. *See, e.g., In re Complete Mgmt.*, 2002 WL 31163878 at *3 (withdrawing reference of debtor's malpractice action against accounting firm because

action "raises legal issues more commonly resolved by this court than the bankruptcy court"); *Weschler,* 201 B.R. at 640-41 (withdrawing reference of motion to dismiss professional malpractice claims because "issues raised in the motion are state law issues, not bankruptcy issues, which are more appropriately heard in the District Court").

### C.    No Undue Delay

The plaintiff cannot claim that withdrawal of the reference will result in undue delay in the resolution of its claims against the Rattet Parties or cause her or the estate to suffer any prejudice. The matter has only a day before filing this motion completed the pleading stage since Judge Glenn allowed the plaintiff to file an amended pleading as to Count VI for conspiracy to commit breach of fiduciary duty, and the Rattet Parties answered the amended complaint only on February 25, 2008.

No depositions of parties or witnesses have been taken, and none of the parties have yet served demands for discovery. There is no basis to contend at this early stage that withdrawal of the reference will result in undue delay, particularly since filing and service of the pleadings has just completed.

### D.    Withdrawing the Reference Will Not Adversely Affect the Uniformity of Bankruptcy Administration

Uniformity in the administration of bankruptcy law will not be affected by the withdrawal of the Committee's claim against Defendants because the Committee's non-core malpractice claim is not brought under bankruptcy law and (does not otherwise concern administration of the bankruptcy estate. *See, In re FMI Forwarding Co., Inc.*, 2004 WL 1348956, at *7; *McMahon*, 222 B.R. at 208. In *VWE Group*, supra, Judge McMahon pointed out that withdrawal of the reference with regard to the legal malpractice claims against the

debtors' counsel would indeed promote the uniformity of bankruptcy administration. Accordingly, this factor also weighs in favor of withdrawal of the reference.

> **E.      Withdrawing the Reference Will Not Result in Forum Shopping**

Withdrawing the reference in this case does not promote forum-shopping because, due to the Rattet Parties' demand for a jury trial, the parties have no choice but to try the case in the District Court. *VWE Group, supra*; *In re FMI Forwarding Co.*, 2004 WL 1348956, at *7. Moreover, the usual objectives of "forum shopping" – finding a jurisdiction with more favorable law and geographical convenience – do not apply, since both the Bankruptcy Court and the District Court in this case are bound to follow Second Circuit law. *See In re Adelphia Commc'n Corp. Sec. and Derivative Litig.*, No. 03 MDL 1529 (LMM), 2006 WL 337677, at *5 (S.D.N.Y. Feb. 10, 2006).

## CONCLUSION

For the foregoing reasons, the Rattet Parties respectfully request that this Court enter an order withdrawing the reference of this adversary proceeding to the Bankruptcy Court, and award such other and further relief as is just.

Dated: New York, New York
          February 26, 2008

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: _____
Gil M. Coogler
Attorneys for Defendant
RATTET PASTERNAK & GORDON OLIVER, LLP
61 Broadway, 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 352-11986-D-LW-GMC/EAR/JF